UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN ZAYAS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

233 NINTH CORP. and 8th AVENUE TOBACCO AND MAGAZINE INC.

Defendants.

1:21-cv-10170 (ER)

**ANSWER OF DEFENDANTS 233 NINTH CORP. and 8th AVENUE TOBACCO AND MAGAZINE INC.**

Defendants 233 NINTH CORP. and 8th AVENUE TOBACCO AND MAGAZINE INC. (collectively "Defendants"), by and through their attorneys, Sanjay Chaubey, Esq., answer the4Complaint ("the Complaint") of Plaintiffs Edwin Zayas, individually and on behalf of all others similarly situated, ("Plaintiffs") as follows:

**NATURE OF THE CASE**

1. No response is required to the allegations set forth in paragraph 1of the Complaint as they set forth legal conclusions. To the extent a response is necessary, Defendants deny the allegations set forth in paragraph 1.

2. No response is required to the allegations set forth in paragraph 2 of the Complaint. To the extent a response is necessary, Defendants admit that Plaintiffs purport to proceed as set forth therein and Defendants deny any and all liability.

3. No response is required to the allegations set forth in paragraph 3 of the Complaint. To the extent a response is necessary, Defendants admit that Plaintiffs purport to proceed as set forth therein and Defendants deny any and all liability.

## VENUE AND JURISDICTION

4. Defendants lack knowledge or information sufficient to respond to the allegations set forth in paragraph 4 of the Complaint.

5. No response is required to the allegations set forth in paragraphs 5, 6, and 7 of the Complaint as they set forth legal conclusions.

6. No response is required to the allegations set forth in paragraph 8 of the Complaint as they set forth legal conclusions. To the extent a response is necessary, Defendants admit that Plaintiffs purport to proceed as set forth therein and Defendants deny any and all liability.

7. Defendants admit the allegations in paragraphs 9, 10, 11,12 and 13 of the Complaint.

## CLASS ACTION

8. No response is required to the allegations set forth in paragraph 14 of the Complaint as they set forth legal conclusions. To the extent a response is necessary, Defendants admit that Plaintiffs purport to proceed as set forth therein and Defendants deny any and all liability.

9. No response is required to the allegations set forth in paragraph 15 of the Complaint as they set forth legal conclusions.

10. No response is required to the allegations set forth in paragraph 16 of the Complaint. To the extent a response is necessary, Defendants admit that Plaintiffs purport to proceed as set forth therein and Defendants deny any and all liability.

## STATUTORY SCHEME

11. Defendants lack knowledge or information sufficient to respond to the allegations set forth in paragraph 17 of the Complaint.

12. No response is required to the allegations set forth in paragraphs 18, 19, 20, 21, 22, 23, 24, 25,26,27,28,29,30, and 31 of the Complaint as they set forth legal conclusions.

## FACTUAL BACKGROUND

13. Defendants lack knowledge or information sufficient to respond to the allegations set forth in paragraph 32 of the Complaint.

14. Defendants admit only that 233 Ninth Corp. owns or leases the commercial property which houses 9th Avenue Tobacco & Smoke Shop located at 334 9th Avenue, New York, NY Defendants deny as a legal conclusion the use of the term "public accommodation" in Plaintiffs' Complaint. Defendants deny the remaining allegations set forth in paragraph 33.

15. Defendants admit the allegations in paragraph 34 of the Complaint.

16. Defendants lack knowledge or information sufficient to respond to the allegations set forth in paragraphs 35,36,37, and 38 of the Complaint.

17. Defendants deny as a legal conclusion the use of the term "public accommodation" in Plaintiffs' Complaint. Defendants lack knowledge or information sufficient to respond to the remaining allegations set forth in paragraphs 39 and 40 of the Complaint.

18. Defendants deny as a legal conclusion the use of the term "public accommodation" in Plaintiffs' Complaint. Defendants lack knowledge or information sufficient to respond to the remaining allegations set forth in paragraph 41 of the Complaint.

19. No response is required to the allegations set forth in paragraphs 42 and 43 of the Complaint as they set forth legal conclusions.

**ANSWERING THE FIRST CAUSE OF ACTION**

20. Defendants admit only that 9th Avenue Tobacco & Smoke Shop located at 334 9th Avenue, New York, NY. Defendants deny as a legal conclusion the use of the term "public accommodation" in Plaintiffs' Complaint. Defendants deny the remaining allegations set forth in paragraph 44.

21. No response is required to the allegations set forth in paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64 and 65 of the Complaint as they set forth legal conclusions. To the extent a response is necessary, Defendants deny the allegations set forth in paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64 and 65 of the Complaint.

**ANSWERING THE SECOND CAUSE OF ACTION**

22. Defendants incorporate by reference their responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth in response to paragraph 65 of the Complaint.

23. Defendants admit only that 9th Avenue Tobacco & Smoke Shop located at 334 9th Avenue, New York, NY. Defendants deny as a legal conclusion the use of the term "public accommodation" in Plaintiffs' Complaint. Defendants deny the remaining allegations set forth in paragraph 67.

24. No response is required to the allegations set forth in paragraphs 68, 69, 70, 71, 72, 73, and 74 of the Complaint as they set forth legal conclusions. To the extent a response is

necessary, Defendants deny the allegations set forth in paragraphs 68, 69, 70, 71, 72, 73, and 74 of the Complaint.

**ANSWERING THE THIRD CAUSE OF ACTION**

25. Defendants incorporate by reference their responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth in response to paragraph 74 of the Complaint.

26. No response is required to the allegations set forth in paragraphs 76, 77, 78 and 79 of the Complaint as they set forth legal conclusions. To the extent a response is necessary, Defendants deny the allegations set forth in paragraphs 76, 77, 78 and 79 of the Complaint.

**ANSWERING THE FOURTH CAUSE OF ACTION**

27. Defendants incorporate by reference their responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth in response to paragraph 79 of the Complaint.

28. No response is required to the allegations set forth in paragraphs 81, 82, 83, 84, 85, 86, and 87 of the Complaint as they set forth legal conclusions. To the extent a response is necessary, Defendants deny the allegations set forth in paragraphs 81, 82, 83, 84, 85, 86, and 87 of the Complaint.

**ANSWERING THE FIFTH CAUSE OF ACTION**

29. Defendants incorporate by reference their responses to the allegations contained in the previous paragraphs of the Answer as though fully set forth in response to paragraph 87 of the Complaint.

30. No response is required to the allegations set forth in paragraphs 89, 90, 91, 92, 93, 94, 95 and 96 of the Complaint as they set forth legal conclusions. To the extent a response

is necessary, Defendants deny the allegations set forth in paragraphs 89, 90, 91, 92, 93, 94, 95 and 96 of the Complaint.

## ANSWERING THE PRAYER FOR RELIEF

31. Defendants deny that Plaintiffs are entitled to any damages or relief sought in the WHEREFORE clause and subsections (A) through (L) of the Complaint or to any other relief.

32. Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs have not been denied the full and safe access to all of the benefits, accommodations, and services of the subject facility.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' request for punitive damages fails because Defendants did not act with malice or reckless indifference to Plaintiffs' federally protected rights.

**FIFTH AFFIRMATIVE DEFENSE**

At all times Defendants acted in good faith and had reasonable grounds for believing that their acts and/or practices were in compliance with federal and state law.

**SIXTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver, and/or laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring some or all of the claims asserted herein and/or to obtain the relief requested and has failed to properly allege standing to assert some or all of the claims that he has attempted to allege in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

The action is barred to the extent Plaintiffs have released, waived, and/or discharged Defendants from any actionable claims.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to provide any notice of alleged violations prior to commencing this action, and Defendants did not have any actual or constructive notice regarding any accessibility issues at 334 9th Avenue, New York, NY.

**TENTH AFFIRMATIVE DEFENSE**

There are no barriers to accessibility at the facility at issue. Assuming, *arguendo*, that any barriers as alleged do exist, their removal is not readily achievable in whole or in part and/or they do not materially affect the usability of goods, facilities and services of Defendants' facility and are within construction tolerances.

**ELEVENTH AFFIRMATIVE DEFENSE**

Assuming, *arguendo*, that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are *de minimis* and within construction tolerances and do not materially affect the usability of the features in question

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint must be dismissed because Plaintiff has not shown, and does not have, a good faith intent to return to the subject property and patronize its facilities.

So far, there are more than sixty (60) ADA case brought by the Plaintiff (represented by the same attorney) in the Southern District of New York since January 2016.

Upon information and belief, the Plaintiff lacks standing as he is a serial ADA litigant who has and continues to pursue a course of litigation instituted without sufficient grounds and serving only to cause annoyance and expense to this and other similarly situated defendants for the purpose of recovery attorney's fees under the ADA.

As of the present day, the Plaintiff has instituted in the SDNY the following cases:

*1:15-cv-07611-ER Zayas v. Western Beef Retail, Inc.*
*filed 09/25/15 closed 04/21/16*

*1:16-cv-04175-PGG Zayas v. 136 Ninth Avenue Corp. et al*
*filed 06/05/16 closed 10/20/16*

*1:16-cv-04176-GBD Zayas v. 144 Ninth Gotham Pizza, Inc. et al filed 06/05/16*

*1:16-cv-04177-GHW Zayas v. 364 West 19thStreet, LLC et al filed 06/05/16*

*1:16-cv-06763-LTS Zayas v. Rosington Corp. et al filed 08/27/16*

*1:16-cv-06781-GBD Zayas v. DT Hospitality Group Inc. et al filed 08/29/16*

*1:16-cv-06811-ER Zayas v. York & Georgey,Inc. et al filed 08/30/16*

*1:16-cv-08028-GHW Zayas v. BEC Foods, LLC filed 10/13/16*

*1:16-cv-09306-KBF Zayas v. 301 W 17 LLC et al filed 12/01/16*

*1:16-cv-09307-LAP Zayas v. 246-18 Realty, LLC et al filed 12/01/16*

*1:16-cv-09308-PAE Zayas v. 110 Ninth Avenue Corp. et al filed 12/01/16*

*1:16-cv-09493-WHP Zayas v. Hua Da Inc et al filed 12/08/16*

*1:16-cv-09496-KPF Zayas v. 132 Ninth Avenue Limited Liability Company et al filed 12/08/16*

*1:16-cv-09939-PKC Zayas v. Vesdel Food's Inc et al filed 12/26/16*

*1:16-cv-09496-KPF Zayas v. 132 Ninth Avenue Limited Liability Company et al filed 12/08/16*

*1:17-cv-01392-JPO Zayas v. St Nicholas Realty Associates, L.L.C. et al filed 02/23/17*

*1:17-cv-05933-GBD Zayas v. 10th Avenue Kostas LLC et al filed 08/04/17*

*1:18-cv-07091-LJL Zayas v. 569 Hudson LLC et al filed 08/07/18*

*1:18-cv-07577-GHW Zayas v. 102-116 Eighth Avenue Associates LLC et al filed 08/20/18*

*1:15-cv-07611-ER Zayas v. Western Beef Retail, Inc. filed 09/25/15 closed 04/21/16*

*1:16-cv-04175-PGG Zayas v. 136 Ninth Avenue Corp. et al filed 06/05/16 closed 10/20/16*

*1:16-cv-04176-GBD Zayas v. 144 Ninth Gotham Pizza, Inc. et al filed 06/05/16 closed 02/28/17*

*1:16-cv-04177-GHW Zayas v. 364 West 19th Street, LLC et al filed 06/05/16 closed 02/10/17*

*1:16-cv-06763-LTS Zayas v. Rosington Corp. et al filed 08/27/16 closed 03/10/17*

*1:16-cv-06781-GBD Zayas v. DT Hospitality Group Inc. et al filed 08/29/16 closed 03/16/17*

*1:16-cv-06811-ER Zayas v. York & Georgey, Inc. et al filed 08/30/16 closed 07/09/18*

*1:16-cv-08028-GHW Zayas v. BEC Foods, LLC filed 10/13/16 closed 03/21/17*

*1:16-cv-09306-KBF Zayas v. 301 W 17 LLC et al filed 12/01/16 closed 03/15/17*

*1:16-cv-09307-LAP Zayas v. 246-18 Realty, LLC et al filed 12/01/16 closed 02/02/18*

*1:16-cv-09308-PAE Zayas v. 110 Ninth Avenue Corp. et al filed 12/01/16 closed 02/23/17*

*1:16-cv-09493-WHP Zayas v. Hua Da Inc et al filed 12/08/16 closed 05/15/17*

*1:16-cv-09496-KPF Zayas v. 132 Ninth Avenue Limited Liability Company et al filed 12/08/16 closed 04/21/17*

*1:16-cv-09939-PKC Zayas v. Vesdel Food's Inc et al filed 12/26/16 closed 08/03/17*

*1:17-cv-01392-JPO Zayas v. St Nicholas Realty Associates, L.L.C. et al filed 02/23/17 closed 03/22/18*

*1:17-cv-02646-WHP Zayas v. Langer 189, LLC et al filed 04/12/17 closed 07/18/17*

*1:17-cv-02647-GHW Zayas v. Yamco II LLC et al filed 04/12/17 closed 11/17/17*

*1:17-cv-03097-RA Zayas v. Classic Harbor Line LLC filed 04/27/17 closed 08/07/17*

*1:17-cv-03111-VEC Zayas v. Little West 12th Street Realty, L.P. et al filed 04/27/17 closed 11/16/17*

*1:17-cv-05933-GBD Zayas v. 10th Avenue Kostas LLC et al filed 08/04/17 closed 05/08/18*

*1:17-cv-05946-GWG Zayas v. Empire Diner of NYC LLC et al filed 08/07/17 closed 07/03/18*

*1:17-cv-06459-RWS Zayas v. 191 Seventh Avenue Corporation et al filed 08/24/17 closed 09/04/18*

*1:17-cv-06461-AT Zayas v. 191 Seventh Avenue Corporation et al filed 08/24/17 closed 02/16/18*

*1:17-cv-09394-LTS-KNF Zayas v. Empire Properties Holding, LLC et al filed 11/30/17 closed 04/17/18*

*1:17-cv-09724-VSB Zayas v. 207th Street Realties, LLC et al filed 12/11/17 closed 11/08/18*

*1:17-cv-10189-JGK Zayas v. Chelsea Realty Group, LLC et al filed 12/28/17 closed 04/03/18*

*1:18-cv-00003-GHW Zayas v. 149 Eighth Ave., LLC filed 01/01/18 closed 05/14/18*

*1:18-cv-00927-AT Zayas v. 216 Manhattan Realty LLC et al filed 02/01/18 closed 11/30/18*

*1:18-cv-00928-AJN Zayas v. Susan Realty Associates LLC et al filed 02/01/18 closed 06/08/18*

*1:18-cv-00929-LGS Zayas v. 581 Hudson Street LLC et al filed 02/01/18 closed 05/22/18*

*1:18-cv-00977-PAE Zayas v. Pradera Realty Corp. et al filed 02/04/18 closed 05/03/18*

*1:18-cv-00978-ALC Zayas v. 243 Third Ave Associates, Inc. et al filed 02/04/18 closed 06/21/18*

*1:18-cv-03278-ER Zayas v. Tsoumpas 204 Holdings, LLC et al filed 04/15/18 closed 10/15/18*

*1:18-cv-03279-JPO Zayas v. Chelsea 8th Ave, LLC et al filed 04/15/18 closed 10/26/18*

*1:18-cv-03876-PGG Zayas v. 535 Hudson Realty LLC et al filed 04/30/18 closed 09/04/19*

*1:18-cv-03879-VEC Zayas v. 535 Hudson Realty LLC et al filed 04/30/18 closed 03/08/19*

*1:18-cv-07091-LJL Zayas v. 569 Hudson LLC et al filed 08/07/18 closed 06/17/20*

*1:18-cv-07577-GHW Zayas v. 102-116 Eighth Avenue Associates LLC et al filed 08/20/18 closed 04/25/19*

*1:19-cv-10096-GBD Massi et al v. Kenyta Group LLC et al filed 10/30/19*

*1:19-cv-10348-VEC Zayas v. Gramercy First Avenue LLC et al filed 11/06/19 closed 03/05/20*

*1:19-cv-10349-JMF Zayas et al v. 144-146 West 19th Street Associates, LLC filed 11/06/19 closed 03/13/20*

*1:20-cv-07032-LGS Arelis Araujo, et al v. New York City Department Of Education filed 08/28/20*

*1:22-cv-01865-PAE de Paulino et al v. New York City Department of Education et al filed 03/04/22*

*1:21-cv-10131-LJLZayas v. Doral Realty, LLC et al filed 11/29/21*

*1:21-cv-10132-JPCZayas v. 174 8th Avenue Associates, Inc. et al filed 11/29/21*

**THIRTEENTH AFFIRMATIVE DEFENSE**

Some or all of the physical items alleged by Plaintiffs are not architectural barriers to access and do not prevent the enjoyment of the goods and services of the subject facility.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Defendants did not discriminate against Plaintiffs or deny a full and equal opportunity to enjoy the goods and services provided at 334 9th Avenue, New York, NY on the basis of an alleged disability.

**ADDITIONAL RESPONSE**

Defendants currently have insufficient information upon which to form a belief as to whether Defendants may have additional, as yet unstated, defenses beyond those listed above. Defendants therefore reserve the right to assert additional defenses as appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request judgment against Plaintiffs as follows:

1. Dismissing the Complaint with prejudice.

2. Awarding Defendants costs, interest, expert, and attorneys' fees; and

3. Awarding Defendants such other and further relief as this Court deems just and proper.

Dated: April 8, 2022
New York, New York

**Law Offices of Sanjay Chaubey**

By: */s/Sanjay Chaubey*

Sanjay Chaubey, Esq. (SC-3241)

420 Lexington Avenue,
Suite 2148
New York, NY 10170
Phone: (212) 563-3223
Email: Chaubeylaw@gmail.com

*Attorneys for Defendants*
*233 Ninth Corp. and 8th Avenue Tobacco*
*and Magazine Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of April 2022 the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to all counsel registered to receive notice of filings in this matter.

*s/ Sanjay Chaubey*
Sanjay Chaubey